Frost, J.
delivered the opinion of the Court.
The Act of 1712 provides that “all actions of account, &c. shall be commenced and sued within four years next after the cause of such actions or suits, and not after.” The Act of 1789 declares that “no action shall be commenced against any executor or administrator for the recovery of the debts due by the testator or intestate, until nine months after such testator or intestate’s death.” The question presented by the demurrer is, whether the nine months, after the decease of the debtor, during which, by the Act of 1789, the creditor is prohibited to sue, shall be computed as part of the four years within which, by the Act of 1712, the creditor is required to sue. The limitation of actions operates as a penalty against delay, by depriving the creditor of an action for the recovery of his demand, if he does not bring suit within the time prescribed. IP the nine months are computed as part of the four years, the effect of that construction would be to impose a penalty for not having done an act within a prescribed time, when, during a part of the time, the performance of the act was prohibited. If to an action against an administrator it should be pleaded that the cause of action accrued to the plaintiff more than four years before actioh brought, and the plaintiff should reply that the cause of action accrued on a day stated, and that three years and four months after the said day the intestate died, and the plaintiff was then prohibited from bringing his action for the space of nine months after the intestate’s death — on demurrer to this replication, the Court could not give judgment for the defendant on the plea, without holding the plaintiff under an obligation to do what, by law, he could not do. A distinction' is taken, in argument, between the case supposed and the case made, that the intestate died about two years after the note became due. But it can make no difference at what time, during the four years, the intestate may die, and the prohibition to sue be interposed. The limitation of suits is intended to prevent delay — and in the construction of the Acts, the Courts have recognized that principle. An alien enemy is not' barred by the statute, because he cannot sue — nor can a defendant, *192 who may be out of the jurisdiction when the cause of action accrues, plead the statute, because he could not be sued. And if a suit be abated by the death of the plaintiff, after the statutory period has expired, the action may be revived, in a reasonable time, because there has been no laches of the plaintiff. « Neither can the plaintiff be charged with laches or delay for not proceeding during the time when he is prohibited from suing. If the law requires an act to be done within a prescribed time, the whole time is allowed to do it in.—Blackwell v. Wilson, 2 Rich. 322. If a sufficient excuse for nonperformance within the prescribed time be alleged, it cannot be obviated by proof, that the act may have been performed before the matter of excuse occurred. And by analogy, when the plaintiff relies on the prohibition to sue for nine months during the four years, the expiration of which is objected to his recovery, it is no sufficient reply that he may have sued at some time during the three years and three months, which would remain of the four years, after deducting the 9 months. If it were allowed, the Act of 1712 would be repealed, so far as affected actions against executors and administrators, and the creditor, instead of being allowed the full term of four years, within which he might bring his action, would be restricted to a period of three years and three months, within which he might bring suit. The two Acts should be so construed as to avoid any conflict, if that can be done consistently with the purposes they were designed to effect. If the nine months after the death of the intestate be construed to be additional to the four years, the Acts will not interfere with each other.
Thus much has been adduced in the vindication of the construction of the Acts adopted by the Circuit Judge, for the rule is already established by authority and long practice. The very question was made in Moses v. Jones, executor, 2 N. and McC. 259, and decided as it was in this case. In Nicks v. Martindale, Harp. Rep. 136, McCullough v. Speed, 3 McC. 345, and Wilks, administrator, v. Robinson, executor, 3 Rich. 182, the same construction has been affirmed. The motion is refused.
O’Neall, J. Evans, J. and Withers, J. concurred.